UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**DERRICK B. PIERRE**                                                            **CIVIL ACTION**

**VERSUS**                                                                       **NO. 18-11160**

**LOCAL RULE POLICY MAKER FOR**                                                  **SECTION "I"(4)**
**THE FIRST CIRCUIT COURT OF**
**APPEAL**

### REPORT AND RECOMMENDATION

The *pro se* plaintiff, Derrick B. Pierre ("Pierre"), is incarcerated in the B.B. "Sixty" Rayburn Correctional Center in Angie, Louisiana. The plaintiff filed this lawsuit pursuant to 42 U.S.C. § 1983 against the defendant, the Local Rule Policy Maker for the First Circuit Court of Appeal. Under a broad reading, Pierre alleges that the policy and rules of the Louisiana First Circuit Court of Appeal have resulted in the denial of his constitutional rights to a complete appeal, equal protection and due process.[1] He also has moved for leave to proceed *in forma pauperis*.[2]

**I.      Venue Provisions**

Because § 1983 contains no specific venue provision, venue is determined under the general venue provisions of 28 U.S.C. § 1391. *See Jones v. Bales*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd*, 480 F.2d 805 (5th Cir. 1973). The general venue statute at § 1391(b) provides as follows:

> A civil action may be brought in -- (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be

---

[1] Rec. Doc. No. 1.

[2] Rec. Doc. No. 2. The Court will recommend that the ruling on plaintiff's application for pauper status be deferred to the United States District Court for the Middle District of Louisiana.

brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

The provisions of 28 U.S.C. § 1406 allow a court to transfer a case from a district in which venue is wrong to another district or division in which venue is proper, if such transfer is in the interest of justice. *See Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998).

**II.   Discussion**

Pierre claims that the cause of action in this case arose from his prosecution and direct appeal proceedings in East Baton Rouge Parish, Louisiana, within the geographical boundaries of the United States District Court for the Middle District of Louisiana.  28 U.S.C. § 98(b).  Pierre does not allege that any defendant resides within this district or that a defendant can be located within this district.  The interest of justice dictates that venue is proper in the Middle District of Louisiana.

**III.   Recommendation**

It is therefore **RECOMMENDED** that the instant matter be **TRANSFERRED** to the United States District Court for the Middle District of Louisiana.

It is further **RECOMMENDED** that plaintiff's motion to proceed *in forma pauperis* (Rec. Doc. No. 2) is **DEFERRED** to the United States District Court for the Middle District of Louisiana.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will

result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[3]

        New Orleans, Louisiana, this 28th day of November, 2018.

                                    **KAREN WELLS ROBY**
                        **CHIEF UNITED STATES MAGISTRATE JUDGE**

---

[3] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.